UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:17-CV-14450-ROSENBERG/REINHART

DARIEN X. EVANS,

   Plaintiff,

v.

ST. LUCIE COUNTY SCHOOL DISTRICT,

   Defendant.

_____/

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

**THIS MATTER** is before the Court on Defendant St. Lucie County School District's Motion for Attorney's Fees As Prevailing Party (the "Motion"). Mot., DE 70; *see also* Financial Affidavit, DE 67. Plaintiff has not filed a response to the Motion, nor has he responded to the Magistrate's Order to Show Cause to Respond to the Motion, which required a written response by June 20, 2019. *See* DE 89; DE 90.

Through its Motion, Defendant seeks attorney's fees as the prevailing party in this Title VII action in which Plaintiff sought damages for discrimination, a hostile work environment, and retaliation based on his race and sexual orientation. *See* Mot., DE 70; Compl., DE 1. In its Motion, Defendant argues that "defendant is entitled to attorneys fees as a prevailing party and/or due to the fact that the Plaintiff's claims in this case were groundless, as it was clear at all times…that termination of the Plaintiff was appropriate for the reasons set forth in the Defendants' Motion for Final Summary Judgment." *Id.* ¶ 4.

The facts of this case were fully set forth in the Court's Order Granting Summary Judgment. *See* Order, DE 65, 1-8.

## I. Standard for Awarding Attorney's Fees

Title VII of the Civil Rights Act of 1964 authorizes the award of attorney's fees in certain circumstances. The statute provides that "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, … a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e–5(k). "When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-422 (1978)). This is a "stringent" standard. *Bonner v. Mobile Energy Services Co., LLC*, 246 F.3d 1303, 1304 (11th Cir. 2001) (citing *Hughes v. Rowe*, 449 U.S. 5 (1980)).

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.*, 434 U.S. at 421–22. *See also Richardson v. Bay Dist. Sch.*, 560 F. App'x 928, 929–30 (11th Cir. 2014) ("This 'standard is so stringent that the plaintiff's action must be meritless in the sense that it is groundless or without foundation in order for an award of fees to be justified.'") (quoting *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)).

In the Eleventh Circuit, "[i]n deciding whether an action is so lacking in merit as to justify awarding attorney's fees to the prevailing defendant, the trial court is to consider the denominated *Sullivan* factors, i.e., whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial." *Bonner*, 246 F.3d at 1304. *See also Sullivan v. School Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). "These factors, however, are only general guidelines, and frivolity determinations must be made on a case-by-case basis." *Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 773–74 (11th Cir. 2008) (citing *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005)).

"In determining whether a claim is frivolous, [the Court] 'view[s] the evidence in the light most favorable to the non-prevailing plaintiff." *Barnes v. Zaccari*, 592 F. App'x 859, 872 (11th Cir. 2015) (quoting *Cordoba v. Gillard's Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (emphasis in original).

**II.** **Discussion**

Here, Plaintiff's Complaint alleged six counts of violations of Title VII and the Florida Civil Rights Act. *See* Compl., DE 1. Summary judgment was granted in Defendant's favor on all counts. Order, DE 65. In light of the Court's Order Granting Summary Judgment, the Court agrees that Defendant was the prevailing party in this action. *See id.* Accordingly, the Court proceeds to analyze the *Sullivan* factors. The Court analyzes the factors out of order, because the first factor requires individual analysis of the merits of each count of the Complaint.

A. The Sullivan Factors

The second factor – an offer of settlement by Defendant – is neutral, because there is no explicit offer of settlement apparent in the record.[1] *Cf. Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party."). The third factor – dismissal prior to trial – weighs in Defendant's favor in that the case was resolved on summary judgment before trial. *See Sullivan*, 773 F.2d at 1189 (noting that frivolity findings are typically sustained in cases decided on summary judgment due to a lack of evidence to support Plaintiff's claims).

*1. Counts III (Sexual Harassment) and IV (Hostile Work Environment)*

The Court's analysis of the first *Sullivan* factor (whether Plaintiff established his prima facie case) requires parsing the individual counts of the Complaint. With regard to Counts III and IV, the Plaintiff did not make out a prima facie case. Counts III and IV attempted to plead Title VII violations based on Plaintiff's sexual orientation. *See* Compl., DE 1; *see also* Order, DE 65, 4-5. However, Title VII claims based on sexual orientation are not cognizable under binding Eleventh Circuit precedent. *See* Order, DE 65, 4-5. *See also Bostock v. Clayton Cty. Bd. of Comm'ers*, 723 F. App'x 964, 964 (11th Cir. 2018) (confirming binding precedent in this Circuit that "discharge for homosexuality is *not* prohibited by Title VII") (emphasis in original). While the Court recognizes that the Supreme Court has recently decided to review the Eleventh Circuit's position on Title VII sexual orientation claims, *see Bostock v. Clayton Cty., Ga.*, 139 S. Ct. 1599 (2019) (granting writ of certiorari), Plaintiff made no representations during the pendency of this

---

[1] The Court notes that defense counsel's billing records indicate that a "Proposal for Settlement to the Defendants" was dictated by counsel. *See* DE 67, 16. However, it is not clear from the record, nor has Defendant argued, that this offer of settlement was actually made or communicated to Plaintiff.

4

litigation that he was attempting to challenge the existing, binding precedent that barred his sexual orientation claims as a matter of law. *See e.g.*, 10/9/2019 Mot. Hr'g Tr.; *see also* Order, DE 65, 5-6. Indeed, Plaintiff's counsel conceded that summary judgment should be entered in Defendant's favor on Counts III and IV when the Court questioned counsel about this existing precedent at a hearing on the Motion for Summary Judgment. *See* Order, DE 65, 4-5. Accordingly, the Court concludes that these Counts were frivolous pursuant to *Sullivan*: Plaintiff did not establish his prime facie case for either count, because sexual orientation claims cannot be brought in the Eleventh Circuit. *Cf. Richardson v. Bay Dist. Sch.*, 560 F. App'x 928, 930 (11th Cir. 2014) (reversing award of attorney's fees where the Eleventh Circuit had not "addressed a factually similar…claim. [So,] there was no precedent from this Circuit squarely foreclosing Richardson's legal argument."). Here, binding precedent did squarely foreclose Plaintiff's Title VII sexual orientation claims, and therefore those specific counts were meritless.

Nonetheless, the Court notes that the primary reason that Counts III and IV were frivolous – that sexual orientation claims are not cognizable Title VII claims in the Eleventh Circuit under current precedent – was not raised by Defendant at either the motion to dismiss stage nor at summary judgment. See Mot. to Dismiss, DE 12; Mot. for Summ. J., DE 48. The Court raised the issue sua sponte at the hearing on the Motion for Summary Judgment. See DE 63; Order, DE 65, 4-6. And, Plaintiff's counsel correctly did not object to the Court's entry of summary judgment on these counts. *See* Order, DE 65, 4-6.

### 2. Counts I (Race Discrimination), II (Race Discrimination), and VI (Disparate Treatment)

Plaintiff also did not establish the prima facie case for Counts I ("Race Discrimination"), II ("Race Discrimination"), or VI ("Disparate Treatment"). *See* Order, DE 65. Plaintiff's counsel conceded that Count I for Race Discrimination failed as a matter of law, because "the one-time use of a [racial] slur was not sufficient to sustain the claim." *Id.* at 5. And, the Court concluded that Plaintiff had failed to meet his burden under *McDonnell Douglas*[2] to produce similarly situated comparators to prove Plaintiff had been treated unequally to other employees for Counts II and VI. *See id.* at 10-13 (discussing Count II), 21-22 (discussing Count VI). Accordingly, Plaintiff did not establish a prima facie case in Counts I, II, and VI, and two of the three *Sullivan* factors weigh in favor of awarding attorney's fees to Defendant.

Nevertheless, the Court finds that Counts I, II, and VI were not groundless. The *Sullivan* factors provide guidelines, but a determination of frivolity "must be made on a case by case basis." *Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 774 (11th Cir. 2008). Here, Plaintiff's claims were undeniably weak. *Cf. id.*; *see also* Order, DE 65. However, the Court does not find that Counts I, II, and VI were "groundless or without foundation." *See Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991). Taking the facts of this case in the light most favorable to the non-prevailing Plaintiff, Plaintiff's claims had *some* factual support for his claims that he had been discriminated against on the basis of his race and that he had been treated disparately on the basis of his race. For instance, Plaintiff alleged, and Defendant did not deny, that Plaintiff had been subjected to the use of offensive language with respect to his race and sexuality by colleagues. *See* Pl. Resp., DE 52, 9; *see also* Def. SOF, DE 58, ¶ 21 (suggesting that Plaintiff had also used the

---

[2] 411 U.S. 792 (1973).

same offensive language in jest with his colleagues but failing to deny that the language was used by Plaintiff's colleagues). It is also true that within a few months of filing a grievance for his treatment, Plaintiff was placed on a temporary duty assignment and ultimately non-renewed for the following school year. *See* Pl. Sec. Am. SOF., DE 59, ¶¶ 54-58. Finally, it is true that Plaintiff proffered a comparator, who was similar in *some* respects to Plaintiff. *See* Order, DE 65, 11-13; *see also* Pl. Resp., DE 52, 6. There were allegations that the comparator had also engaged in the kind of conduct for which Defendant punished Plaintiff. *See* Pl. Sec. Am. SOF, DE 59, ¶¶ 77-79 ("[The comparator] failed to monitor during FSA testing."). The Court ultimately concluded that the comparator was not sufficiently similar to Plaintiff, based on Eleventh Circuit precedent requiring that comparators be "nearly identical" to the Plaintiff. *See* Order, DE 65, 11-13. However, Plaintiff's failure to meet this high threshold for comparators does not render Plaintiff's claims *groundless*.

As the Eleventh Circuit has articulated, "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'" *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)). Thus, the Court concludes that although weak, Plaintiff's Counts I, III, and IV were not groundless.

   3. *Count V (Retaliation)*

In contrast to Counts I-IV and VI, on which the Court granted summary judgment because Plaintiff had not established his prima facie case, the Court assumed without deciding that Plaintiff

7

had established his prima facie case for Count V, "Retaliation." *See* Order, DE 65, 15. Nonetheless, summary judgment was granted on this count, because the Defendant had responded with a legitimate, non-retaliatory reason for the adverse employment actions taken against him, and Plaintiff was unable to show the Defendant's reasoning was pretextual. *See id.* at 14-20. With regard to Count V, the first *Sullivan* factor is neutral, as the Court did not come to a conclusion regarding Plaintiff's prima facie case, even though summary judgment was granted in Defendant's favor. Thus, the only *Sullivan* factor that weighs clearly in favor of a finding that Count V was frivolous is the third factor, because Count V was dismissed prior to trial.

Upon review of the entire case file, including the briefing on summary judgment, the Court finds that Count V, for Retaliation, was not groundless. Plaintiff alleged and produced evidence to suggest that colleagues had used offensive language towards and about him, and he filed a grievance in relation to this conduct. *See* Order, DE 65, 3-4, 14. Following the filing of his grievance, Plaintiff was non-renewed for his position and issued a Letter of Reprimand. *See id.* A review of the case file further reveals that the facts of this case were not straightforward, so much so that the parties engaged in motion practice regarding the appropriateness of their respective statements of facts. *See* DEs 48-62. *See also* Order, Section I-D, DE 65, 7-8 ("The Court notes that the factual record in this case is not a model of clarity.").

Importantly, summary judgment was ultimately granted on Count V, because of the Plaintiff's inability to show pretext in the Defendant's rationale for the adverse employment action taken against him. *See* Order, DE 65. This is an impermissible basis on which to find Plaintiff's claim to be frivolous. *Quintana v. Jenne*, 414 F.3d 1306, 1311 (11th Cir. 2005) ("[p]laintiff should not be assessed fees. . . because a defendant can offer convincing non-discriminatory reasons for

its actions.") (citing *EEOC v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1571-72 (11th Cir. 1993)).

In addition, the Court notes that unlike Counts I, III, and IV, which were summarily dismissed following the hearing on Defendant's summary judgment motion, Count V required careful and detailed analysis of the parties' respective arguments and versions of the facts. *See* Order, DE 65, 14-20 (analyzing Count V alone). *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995) ("[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review."); *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991).

To summarize, the Court has concluded that Counts III and IV were frivolous. However, the remaining counts were not so groundless or "patently devoid of legal merit to justify an attorney's fee award." *Richardson v. Bay Dist. Schools*, 560 F. App'x 928, 930 (11th Cir. 2014).

B. <u>Calculating an Appropriate Award: Separating Billing on Frivolous v. Non-Frivolous Claims</u>

Because the Court has concluded that Plaintiff brought two frivolous claims and four non-frivolous claims, the Court must next consider how much of Defendant's billing is attributable to each of those categories. "[T]he Supreme Court has held that when a litigation includes two civil rights claims, and a defendant is entitled to attorney's fees only with respect to one of the claims, '[t]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred *in the absence* of the frivolous allegation.'" *Turner v. Inzer*, 597 F. App'x 621, 622 (11th Cir. 2015) (emphasis added) (citing *Fox v. Vice*, 563 U.S. 826, 837 (2011)). "[I]f a frivolous claim occasioned the attorney's fees at issue, a court may decide that

9

the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." *Fox v. Vice*, 563 U.S. 826, 836 (2011) (adopting a but-for cause test to analyze a claim for attorney's fees where the plaintiff brought a mix of frivolous and non-frivolous claims). In addition, the Eleventh Circuit has noted that allowing a civil rights defendant to receive "attorney's fees for an unsuccessful claim that is not frivolous" would "frustrate the goal of Congress that the provisions of Title VII be enforced vigorously." *Quintana*, 414 F.3d at 1312 (reviewing case law in sister circuits).

The Court also notes that the Supreme Court has "emphasize[d]" that "the determination of fees 'should not result in a second major litigation.' The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.' But trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. at 838 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

At the outset, the Court notes that Defendant's Motion for Attorney's fees is deficient for failing to comply with Local Rule 7.1(a). The Rule requires that every motion be filed with a "memorandum of law citing supporting authorities." L.R. 7.1(a). A motion for attorney's fees is not excluded from this requirement. *See id.* Defendant did not file a memorandum of law in support of its Motion.

Beyond Defendant's failure to comply with the Local Rule, Defendant has not substantively met its burden to show its entitlement to attorney's fees. Defendant's Motion for Fees is just two pages in length. *See* Mot., DE 70. The Motion does not include a single case citation nor does it distinguish between the fees associated with defending one count or another.

*See id.* In substance, aside from relating the procedural history of the case, Defendant states its entitlement to fees in just one paragraph:

> Defendant now also moves for attorneys fees in relation to its status as the prevailing party in this case. The Defendant would remind the Court that Plaintiff brought its action under various Federal Statutes [sic], including Title VII of the Civil Rights Act of 1964, as amended; and Florida Civil Rights Act. Defendant is entitled to attorneys fees as a prevailing party and/or due to the fact that the Plaintiff's claims in this case were groundless, as it was clear at all time [sic] and thus should have been clear to the Plaintiff that termination of the Plaintiff was appropriate for the reasons set forth in the Defendants' Motion for Final Summary Judgment.

*Id.* ¶ 4. This argument does not discuss the relevant *Sullivan* factors; it does not explain *how* Plaintiff's claims were groundless; it does not distinguish at all between the merits of Plaintiff's claims and the manner in which those claims were eventually resolved. *See id.* at 1-2.

Defendant has also submitted thirty-four pages of billing records from this case, which purportedly show that Defense counsel expended roughly 280 hours on this case, at a rate of $200/hour, totaling $56,120.00 in fees from January to November of 2018. *See* DE 67. The Court has scrutinized this filing, and finds that the overwhelming majority of the billing entries contained therein were relevant and necessary to the defense of Plaintiff's non-frivolous claims. For example, bills for "attendance at initial discovery conference," for which defense counsel billed 6.4 hours on February 5, 2018, were incurred in the defense of both the frivolous and non-frivolous claims. As a result, those bills are not recoverable. *See Fox*, 563 U.S. at 835.

The *only* billing entry that the Court has identified as relating specifically to one of the two frivolous claims is as follows: On August 10, 2018, defense counsel billed 1.7 hours for "Legal research regarding plaintiff's ability to sue for hostile work environment when he himself engaged in conduct; done in preparation of reviewing and revising Defendant's Motion for Final Summary

11

Judgment." DE 67, 25. Although this billing entry appears to relate to Counts III and IV, which the Court has concluded were frivolous, the Court exercises its discretion to deny attorney's fees for this entry for several reasons: Defendant's theory that Plaintiff could not sue the Defendant because the Plaintiff had participated in the use of some of the derogatory language that Plaintiff complained of in his grievances and Complaint, was related not only to Plaintiff's frivolous claims, but also to Plaintiff's non-frivolous claims. Based on the Court's understanding of Plaintiff's claims, Count I, although labelled as a claim for discrimination, was also a hostile work environment claim, based on the derogatory language allegedly used by Plaintiff's colleagues, which Defendant theorized that Plaintiff had used as well. *See* Order, DE 65, 5-7; *see* Mot. for Summ. J., DE 48. Accordingly, even this billing entry that might be construed as directly related to only the frivolous counts, is in fact, also relevant to the defense of a non-frivolous count.

The Court also points out that Defendant's Motion for Summary Judgment did not specify which of its arguments applied to which counts. *See id.* Moreover, the Court notes that neither Defendant's Motion to Dismiss nor Motion for Summary judgment properly raised the fact that Plaintiff's sexual orientation is not a recognized protected class under Eleventh Circuit case law on Title VII. *See* Mot. to Dismiss, DE 12; Mot. for Summ. J., DE 48. Therefore, Defendant *never* raised the issue that rendered Counts III and IV frivolous. For all of these reasons, the Court finds this billing entry is also non-recoverable.

### III. <u>Conclusions</u>

The Court concludes that although two of Plaintiff's six counts were frivolous, Defendant is not able to recover its attorney's fees. The Court finds that Defendant's attorney's fees cannot be fairly attributed to the defense of Plaintiff's frivolous claims, nor were the frivolous claims the

but-for cause of any of Defendant's legal expenses. Accordingly, Defendant's request for fees must be denied in its entirety. It is hereby **ORDERED** and **ADJUDGED** that the Motion for Attorney's Fees, DE 70, is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of August, 2019.

                                                  ROBIN L. ROSENBERG
                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record